[Cite as *In re T.K.*, 2012-Ohio-906.]

STATE OF OHIO          )                  IN THE COURT OF APPEALS
                              )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

IN RE: T.K.

C.A. No.     26076

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DL09-01-000084

DECISION AND JOURNAL ENTRY

Dated: March 7, 2012

MOORE, Judge.

{¶1}    Appellant, T.K., appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division. This Court affirms.

I.

{¶2}    In 2009, the Summit County Juvenile Court adjudicated T.K. a delinquent child and ordered him into the custody of the Ohio Department of Youth Services ("DYS") for an indefinite term: a minimum of six months and no longer than T.K's twenty-first birthday. The court suspended the sentence on the condition that T.K. successfully complete sex offender probation and comply with all other orders of the court. T.K. was later charged with three counts of probation violation, and, upon adjudication of the last count, the court committed him to the custody of DYS. In 2011, DYS released T.K. on supervised release ("parole"); however, later that year, DYS personnel filed a complaint in the juvenile court alleging that T.K. had violated

the terms of his parole. The court found him delinquent on his parole violation charge and revoked his parole for a period of ninety days.

{¶3} T.K. timely filed a notice of appeal and presents two assignments of error for our review.

## ASSIGNMENT OF ERROR I

THE JUVENILE COURT COMMITTED PLAIN ERROR WHEN IT ORDERED T.K. TO SERVE A NINETY-DAY MINIMUM COMMITMENT FOR A PAROLE REVOCATION, BECAUSE A THIRTY-DAY MINIMUM COMMITMENT IS THE ONLY COMMITMENT ALLOWED BY LAW.

{¶4} In his first assignment of error, T.K. argues that the trial court did not have the authority to revoke his parole for ninety days and thus abused its discretion by doing so. We disagree.

{¶5} T.K. did not object to the length of the revocation in the trial court. Where a party has failed to raise an objection in the trial court, the objection may still be assigned as error on appeal if a showing of plain error is made. *State v. Hairston*, 9th Dist. No. 05CA008768, 2006-Ohio-4925, ¶ 10. However, notice of plain error is taken with the utmost caution and only to prevent a manifest miscarriage of justice. *State v. Bray*, 9th Dist. No. 03CA008241, 2004-Ohio-1067, ¶ 12. Therefore, we will not reverse the trial court decision unless it has been established that the trial court outcome clearly would have been different but for the alleged error. *Id.*

{¶6} The case at bar pertains to juvenile delinquency proceedings. Upon disposition of a juvenile as delinquent, a court may commit the juvenile to the custody of DYS. R.C. 2152.16. Where the court orders commitment to DYS, "the court retains control over the commitment for the minimum period specified by the court in divisions (A)(1)(a) to (e) of [R.C.2152.16]. During this minimum period, [DYS] shall not move the child to a non-secure setting without the permission of the court that imposed the disposition." R.C. 2152.16(A)(2). However, DYS may

release the child from institutionalization after the expiration of the minimum time period. R.C.

2152.16(B)(2). DYS release may be supervised under the guidelines of R.C. 5139.51.

{¶7} Here, DYS and T.K. entered into a "Unified Case Plan," on May 10, 2011, where

T.K. acknowledged the following,

> My tentative discharge date is 2/4/2012. I am expected to follow the Rules of Parole and complete the objectives in my case Plan by that date. If I complete all of them before that time, I may be considered for early discharge. If I do not complete my conditions, my parole may be revoked by the Court and/or my parole period may be extended by the Department of Youth Services. I will be discharged from parole upon my 21st birthday.

{¶8} The trial court journalized the Unified Case Plan and its attached parole

conditions. Thereafter, T.K. was released to the Village Network under DYS supervision.

However, while there, T.K. allegedly "displayed excessive non-compliant, disruptive and

threatening behavior [and] was going AWOL off grounds on a consistent basis [and causing]

property damage." DYS then placed T.K. on a Last Chance Agreement ("LCA"), but he then

allegedly "violated his LCA on 6/14/11 by going AWOL off grounds again running into the

woods. Police were called in and [T.K.] failed to comply with orders until faced with the threat

of a taser." Consequently, DYS personnel filed a complaint in the court alleging violations of

the terms of parole.

{¶9} Juvenile parole violation proceedings are governed by R.C. 5139.52(F), which in

part provides,

> [T]he court, if it determines that the violation was a serious violation, may revoke the child's supervised release and order the child to be returned to [DYS] for institutionalization or, in any case, may make any other disposition of the child authorized by law that the court considers proper. If the court orders the child to be returned to a [DYS] institution, the child shall remain institutionalized for a minimum period of thirty days, [DYS] shall not reduce the minimum thirty-day period of institutionalization for any time that the child was held in secure custody subsequent to the child's arrest and pending the revocation hearing and the child's return to [DYS], the release authority, in its discretion, may require the child to

remain in institutionalization for longer than the minimum thirty-day period, and the child is not eligible for judicial release or early release during the minimum thirty-day period of institutionalization or any period of institutionalization in excess of the minimum thirty-day period.

{¶10} From this language, T.K. argues that the court could order him back to institutionalization with DYS for only a "minimum of thirty days," and that any further institutionalization past the thirty-day period would have been within the discretion of DYS. T.K. appears to premise this argument on his interpretation of the following language, "[i]f the court orders the child to be returned to a [DYS] institution, the child shall remain institutionalized for a minimum period of thirty days * * *." He interprets that language to mean *the court* shall order institutionalization for a minimum period of thirty days. To the contrary, R.C. 5139.52(F) sets forth that, upon a court's determination that the juvenile made a serious violation of the terms of supervised release, the court "may revoke the child's supervised release and order the child to be returned to [DYS] for institutionalization or, in any case, may make any other disposition of the child authorized by law that the court considers proper." No time period limitations are set forth in this sentence in regard to the juvenile court's order that the child be returned to DYS. Although the next sentence requires that the child *remain institutionalized* for a minimum of thirty days, this provision prevents the child's release before that time. It does not limit the court from sentencing him to a longer stay, not to exceed his 21st birthday.

{¶11} Based upon the above, we cannot say that it was plain error for the trial court to revoke parole for ninety days. *See Bray* at ¶ 12. Accordingly, T.K.'s first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO T.K.'S ILLEGAL PAROLE REVOCATION COMMITMENT.

{¶12} In his second assignment of error, T.K. argues that his trial counsel was ineffective for failing to object to the "illegal" length of the revocation. Based upon our conclusion above that the ninety-day revocation was not precluded by law, we cannot say that T.K.'s counsel rendered ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668 (1984) (to prevail on ineffective assistance claim, appellant must demonstrate that trial counsel committed unprofessional error, and, but for the error, result of the proceeding clearly would have been different). Accordingly, T.K.'s second assignment of error is overruled.

III.

{¶13} T.K.'s first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT


WHITMORE, P. J.
DICKINSON, J.
CONCUR.


APPEARANCES:

LAURA E. AUSTEN, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.