[Cite as *In re D.B.*, 2012-Ohio-2505.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97445**

# IN RE: D.B.

# A Minor Child

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CR-DL 08130434

**BEFORE:**    Jones, J., Blackmon, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**    June 7, 2012

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY: Sheryl A. Trzaska
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Gregory Paul
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, "D.B.," appeals the trial court's order revoking his probation and committing him to the legal custody of the Ohio Department of Youth Services ("DYS") for 90 days.   We affirm.

{¶2} In 2008, D.B. was charged in Cuyahoga County Juvenile Court with one count of burglary with a firearm specification and three counts of theft with firearm specifications.   He was adjudicated delinquent of burglary, but the firearm specification and remaining charges and specifications were nolled.   At his dispositional hearing, the trial court sentenced him to commitment at DYS for a minimum of one year up until his twenty-first birthday, but suspended the sentence and placed him on probation.

{¶3} D.B. violated his probation, and in April 2009, the trial court revoked his probation and committed him to DYS.   On March 15, 2010, the trial court granted D.B. judicial release and placed him under DYS supervision (parole).   D.B. violated the terms of his parole and the trial court sent him back to DYS for 90 days on November 2, 2010. D.B. was released from DYS custody on January 31, 2011, but was recommitted to the institution in April 2011 for another 90 days after again violating the terms and conditions of his parole.

{¶4} D.B. was released from DYS on July 11, 2011, but he violated parole and was recommitted to DYS on September 27, 2011.   As part of his commitment, the trial court ordered that he be returned to DYS custody for a period of not less than three months or until he completed a specialized release program.

{¶5} It is from this dispositional entry that D.B. appeals, raising the following assignments of error for our review:

I. The juvenile court committed plain error when it found that [D.B.]'s commitment to [DYS] was pursuant to R.C. 2152.22 rather than R.C. 5139.52 because, at the time of his September 26, 2011 revocation hearing, [D.B.] had not been on supervised release immediately after being granted an early release pursuant to R.C. 2152.22.

II. The juvenile court committed plain error when it ordered [D.B.] to serve a [90] day minimum commitment for a parole violation, because a [30] day minimum commitment is the only commitment authorized by statute.

III. Trial counsel rendered ineffective assistance by failing to object to [D.B.]'s illegal parole commitment for a parole revocation.

<u>Failure to File Objections to Magistrate's Decision</u>

{¶6} Initially, we note that D.B. never objected to the magistrate's decision revoking his parole and committing him to DYS. Pursuant to Juv.R. 40(D), D.B. was required to file objections to the magistrate's decision in order to preserve his arguments.

{¶7} Juv.R. 40(D)(3)(b)(iv) provides that "except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."

{¶8} In its decision, the magistrate indicated that it was holding the hearing pursuant to Juv.R. 29 and R.C. 2151.35. The magistrate stated that "[p]ursuant to ORC 2152.22(B), the child is returned to the legal care and custody of [DYS] for institutionalization for a period of not less than three (3) months or until the child

successfully completes a specialized supervised release revocation program of a duration of not less than thirty (30) days."

**{¶9}** If D.B. wanted to challenge the statute under which the hearing was held and under which the disposition was made, it was incumbent upon him to file objections to the magistrate's decision. Consequently, our review with regard to assignments of error one and two is limited to whether the trial court committed plain error in its adoption of the magistrate's decision. *In re Z.C.*, 12 Dist. Nos. CA2005-06-065, CA2005-06-066, CA2005-06-081, and CA2005-06-082, 2006-Ohio-1787 (holding that juvenile waived his opportunity to challenge the sufficiency of evidence and weight of evidence in gross sexual imposition adjudication because he failed to file objections to magistrate's decision.) Plain error exists when, but for the error, the outcome would have been different. *In re J.T.*, 8th Dist. No. 93241, 2009-Ohio-6224, ¶ 67.

**{¶10}** We therefore proceed to consider assignments of error one and two solely for plain error.

### Disposition

**{¶11}** In the first assignment of error, D.B. argues that the trial court committed him to DYS pursuant to R.C. 2152.22, when the trial court should have sentenced him pursuant to R.C. 5139.52. In the second assignment of error, D.B. claims that, pursuant to R.C. 5139.52, he could only be committed for a maximum of 30 days to DYS.

**{¶12}** R.C. 2152.22 governs the relinquishment of juvenile court control and judicial release and provides, in pertinent part, that:

(A) When a child is committed to the legal custody of the department of

youth services under this chapter, the juvenile court relinquishes control with respect to the child so committed, except as provided in [division] * * * (C) * * * of this section * * * .

* * *

(C)(1) The court that commits a delinquent child to the department may grant judicial release of the child to department of youth services supervision under this division during the second half of the prescribed minimum term for which the child was committed to the department * * *.

* * *

(H) When a child is committed to the legal custody of the department of youth services, the court retains jurisdiction to perform the functions specified in section 5139.51 of the Revised Code with respect to the granting of supervised release by the release authority and to perform the functions specified in section 5139.52 of the Revised Code with respect to violations of the conditions of supervised release granted by the release authority and to the revocation of supervised release granted by the release authority.

{¶13} R.C. 5139.52(F) governs the violation of supervised release and provides, in part:

If the court * * * determines at the hearing that the child violated one or more of the terms and conditions of the child's supervised release, the court, * * * may revoke the child's supervised release and order the child to be returned to the department of youth services for institutionalization or, in any case, may make any other disposition of the child authorized by law that the court considers proper. If the court orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of thirty days * * *. [T]he release authority, in its discretion, may require the child to remain in institutionalization for longer than the minimum thirty-day period, and the child is not eligible for judicial release or early release during the minimum thirty-day period of institutionalization or any period of institutionalization in excess of the minimum thirty-day period.

This division does not apply regarding a child who is under a period of judicial release to department of youth services supervision. Division (E) of section 2152.22 of the Revised Code applies in relation to a child who is under a period of judicial release to department of youth services supervision.

{¶14} D.B. claims that he was under DYS supervision at the time he violated his parole, therefore R.C. 5139.52 is controlling. The state argues that he was under judicial release to court supervision when he violated his parole, therefore R.C. 2152.22 should control.

{¶15} D.B. is correct in stating that his dispositional hearing should have been held pursuant to R.C. 5139.52 because he was no longer under judicial release at the time he violated his parole in September 2011. D.B. was originally granted judicial release on March 17, 2009, which was 11 months after he was originally committed to DYS custody. Because the judicial release occurred during the second half of his minimum one-year commitment, his release was to DYS supervision. R.C. 2152.22(C). While the trial court still retained jurisdiction over D.B., that jurisdiction was pursuant to R.C. 5139.52, not R.C. 2152.22. R.C. 2152.22(H).

{¶16} In fact, the parole violation hearings the trial court conducted in November 2010 and April 2011 were properly held pursuant to R.C. 5139.52; at both hearings D.B.'s parole was revoked and he was recommitted to DYS under R.C. 5139.52.

{¶17} That being said, although the trial court erred in holding the dispositional hearing pursuant to R.C. 2152.22, we decline to find plain error with the trial court's

adoption of the magistrate's decision.

**{¶18}** R.C. 5139.52(F) provides that a child "shall remain institutionalized for a minimum period of thirty days." The statute does not provide that a child may only be institutionalized for only 30 days; rather, it states that the child must be given a minimum commitment of 30 days. Moreover, R.C. 5139.52(F) also provides that the court "may make any other disposition of the child authorized by law that the court considers proper." Use of the word "any" means that the trial court had discretion to take "any" steps the court believed necessary to fully and completely implement the rehabilitative disposition of the child, including that of committing D.B. to DYS for 90 days. *See In re Caldwell*, 76 Ohio St.3d 156, 158-160, 1996-Ohio-410, 666 N.E.2d 1367; *In re Samkas*, 80 Ohio App.3d 240, 244, 608 N.E.2d 1172 (8th Dist.1992); *In re Bremmer*, 8th Dist. No. 62088, 1993 WL 95556 (Apr. 1, 1993), *4-*5.

**{¶19}** The Ninth and Eleventh District Courts of Appeals recently considered the same issue we are faced with here and found no plain error when a trial court sentenced a child to 90 days pursuant to R.C. 5139.52(F). *In re T.K.*, 9th Dist. No. 26076, 2012-Ohio-906; *In re A.N.*, 11 Dist. Nos. 2011-A-0057 and 2011-A-0058, 2012-Ohio-1789. In *In re T.K.*, the Ninth District found that "no time period limitations are set forth in [R.C. 5139.52(F)] in regard to the juvenile court's order that the child be returned to DYS," other than that the child must remain institutionalized for a minimum of 30 days. *Id.* at ¶ 10. The statute does not limit the court from sentencing a child to a longer stay. *Id.* In *In re A.N.*, the court likewise found that R.C. 5139.52(F)

does not speak to maximum allowable time, nor does it require the court to impose an indefinite term of recommitment to ODYS's custody[;] * * * [t]he statute merely establishes an absolute minimum amount of time for which the trial court must recommit the juvenile. * * * [A] trial court or ODYS Release Authority may require the child to spend more than the minimum 30 days in ODYS's custody subsequent to a parole revocation.

*Id.* at ¶ 12.

**{¶20}** Finally, although the trial court committed D.B. for a 90-day sentence, it offered to consider releasing him after 30 days if he completed the specialized release program. It is clear from the record that the trial court gave D.B. multiple opportunities to comply with the terms and conditions of his parole and the child repeatedly did not do so.

**{¶21}** Although the trial court held the hearing under the wrong statute, its commitment of D.B. did not constitute plain error and we therefore overrule the first and second assignments of error.

Ineffective Assistance of Trial Counsel

**{¶22}** In the third assignment of error, D.B. argues that his counsel was ineffective for failing to object to the 90-day commitment at the dispositional hearing.

**{¶23}** "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to succeed on a claim of ineffective assistance of counsel, D.B. must satisfy a two-prong test. First, he must demonstrate that his trial counsel's performance was deficient. *Id.* at 687. If he can

show deficient performance, he must next demonstrate that he was prejudiced by the deficient performance. *Id.* To show prejudice, D.B. must establish there is a reasonable probability that, but for his counsel's unprofessional errors, the result of his dispositional hearing would have been different. A reasonable probability is one sufficient to erode confidence in the outcome. *Id.* at 694.

{¶24} It is well-settled that an attorney who is licensed in Ohio is presumed competent. *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301, 209 N.E.2d 164 (1965). Therefore, the burden of showing ineffective assistance of counsel is on the party asserting it. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675, 1998-Ohio-343, 693 N.E.2d 267.

{¶25} Even though, as mentioned above, the dispositional hearing should have been held pursuant to R.C. 5139.52, we find no error in the length of commitment imposed by the trial court. Therefore, we find no error in D.B.'s counsel's decision not to file objections to the magistrate's decision.

{¶26} The third assignment of error is overruled.

{¶27} Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA A. BLACKMON, A.J., and
JAMES J. SWEENEY, J., CONCUR