[Cite as *In re H.V.*, 2012-Ohio-3742.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: H.V.

C.A. Nos.     11CA010139
                   11CA010140


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.     10 JV 30861 & 11 JV 34396

DECISION AND JOURNAL ENTRY

Dated: August 20, 2012

WHITMORE, Presiding Judge.

{¶1} Appellant, H.V., appeals from judgments of the Lorain County Court of Common Pleas, Juvenile Division. This Court affirms.

I

{¶2} In December 2010, in case number 10JV30861, the trial court found H.V. to be a delinquent child for committing the offense of attempted domestic violence, a felony of the fourth degree. The court sentenced H.V. to the custody of the Ohio Department of Youth Services ("DYS") for an indefinite period of six months to twenty-one years of age. H.V. was released on parole approximately three months later.

{¶3} While still on parole, the trial court found H.V. to be a delinquent child in case number 11JV34396, for committing the offense of felonious assault, a felony of the second degree. The court sentenced H.V. to the custody of DYS for an indefinite period of one year up until the age of twenty-one. The court also revoked H.V.'s parole for the domestic violence case,

and sentenced H.V. to a minimum of 90 days in the custody of DYS, to be served consecutively to his sentence for the felonious assault. H.V. now appeals and raises four assignments of error for our review.

II

Assignment of Error Number One

THE JUVENILE COURT ERRED IN COMMITTING THE YOUTH TO THE OHIO DEPARTMENT OF YOUTH SERVICES FOR A PERIOD LONGER THAN THIRTY DAYS FOR A PAROLE VIOLATION.

{¶4} In his first assignment of error, H.V. argues that the court erred in sentencing him to 90 days in the custody of DYS for a parole violation. Specifically, H.V. argues that the statute only permits the court to commit him to DYS for 30 days. We disagree.

{¶5} If the court determines that a child on supervised release has committed a serious violation of a term or condition of his or her release, the court may revoke the child's release and order the child returned to DYS. R.C. 5139.52(F). R.C. 5139.52(F) states, in relevant part, that "[i]f the court orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of thirty days * * *."

{¶6} H.V. argues that the plain language of R.C. 5139.52(F) restricts the court's ability to sentence him for his parole violation. Specifically, H.V. argues that the court is without authority to sentence him to any term longer than 30 days for a parole violation. We have previously rejected this argument, and do so again today.

{¶7} R.C. 5139.52(F) prohibits a child from being released from DYS in less than 30 days, but does not limit the court from imposing a sentence longer than 30 days. *In re T.K.*, 9th Dist. No. 26076, 2012-Ohio-906, ¶4-11. *Accord In re D.B.*, 8th Dist. No. 97445, 2012-Ohio-

2505, ¶18-19; *In re A.N.*, 11th Dist. Nos. 2011-A-0057 & 2011-A-0058, 2012-Ohio 1789, ¶10-13. Accordingly, H.V.'s first assignment of error is overruled.

Assignment of Error Number Two

THE JUVENILE COURT ERRED IN COMMITTING THE YOUTH TO A CONSECUTIVE SENTENCE.

{¶8} In his second assignment of error, H.V. argues that the court erred when it ran his sentences consecutively. Specifically, H.V. argues that R.C. 2152.17(F) does not allow his parole violation to be run consecutively to the felonious assault because the parole violation would not be a felony if committed by an adult. H.V. argues that (1) the parole violation is not a new felony, but instead is an administrative rule violation, and therefore, does not implicate R.C. 2152.17(F) and (2) without R.C. 2152.17(F) the court was not permitted to run his sentences consecutively. We agree that R.C. 2152.17(F) is not applicable, but disagree that the court lacked authority to run H.V.'s sentence for his parole violation consecutively.

{¶9} R.C. 2152.17(F) states, in relevant part:

> [i]f a child is adjudicated a delinquent child for committing two or more acts that would be felonies if committed by an adult and if the court entering the delinquent child adjudication orders the commitment of the child for two or more of those acts to the legal custody of the department of youth services for institutionalization * * *, the court may order that all of the periods of commitment imposed under those sections for those acts be served consecutively in the legal custody of the department of youth services * * *.

R.C. 2152.17(F) only applies when the child has been adjudicated delinquent for the commission of two or more acts that would be felonies. H.V. was adjudicated delinquent in 2010 for an act that constituted attempted domestic violence. H.V. was subsequently released on parole and committed another act which constituted felonious assault. The court adjudicated him delinquent for that single act of felonious assault. Because the court was not, at that time, adjudicating H.V. delinquent for two or more acts, R.C. 2152.17(F) does not apply. However, just because R.C.

2152.17(F) does not apply that fact does not necessitate the conclusion that the court was without authority to sentence H.V. to consecutive sentences for his parole violation.

{¶10} "[A] juvenile court has broad discretion to craft an appropriate disposition for a child adjudicated delinquent." *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, ¶6. A juvenile court may commit a child to the custody of DYS for an indefinite term, not to exceed the child's twenty-first birthday. R.C. 2152.16.

> The juvenile court, however, must impose dispositions which are reasonably calculated to achieve the overriding purpose [of R.C. 2152.01(B)] * * *. The overriding purposes for dispositions include providing the care, protection, and mental and physical development of the delinquent child; holding the offender accountable for his actions; restoring the victim; and rehabilitating the offender.

(Internal citations and quotations omitted.) *In re J.P.*, 9th Dist. No. 24538, 2009-Ohio-3974, ¶8. The court has the inherent power to run parole violations consecutive to sentences for new crimes. *See State ex. rel. Young v. Ohio Adult Parole Authority*, 24 Ohio St.2d 67, 68 (1970), citing *Jordan v. Maxwell*, 1 Ohio St.2d 76 (1965).

{¶11} A juvenile court's order of disposition will not be reversed absent an abuse of discretion. *In re D.S.* at ¶6. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶12} H.V. was adjudicated a delinquent child for attempted domestic violence, a felony of the fourth degree if committed by an adult. H.V. was sentenced to the custody of DYS for six months to age twenty-one. He was later paroled. Subsequently, H.V. was adjudicated a delinquent child for felonious assault, a felony in the second degree if committed by an adult, and the court revoked his parole for the domestic violence case. In sentencing H.V. for his

violation of parole, the court had the inherent authority to run his sentence consecutive to his sentence for the new offense of felonious assault.

{¶13} At the dispositional hearing, the probation department, DYS, and H.V.'s mother all expressed concern for H.V.'s safety and requested the court commit H.V. to the custody of DYS. After reviewing the record, we cannot conclude that the court abused its discretion in its order of disposition. Accordingly, H.V.'s second assignment of error is overruled.

Assignment of Error Number Three

PLAIN ERROR WAS COMMITTED WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE JUVENILE COURT'S IMPROPER SENTENCE.

{¶14} In his third assignment of error, H.V. argues that his counsel committed plain error when he failed to object to his sentence of more than 30 days for his parole violation, and when it ran his sentences consecutively. Because of the reasons set forth above in assignments of error one and two, we conclude the court did not err, and therefore, cannot find plain error. H.V.'s third assignment of error is overruled.

Assignment of Error Number Four

APPELLANT WAS NOT AFFORDED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION AND OHIO CONSTITUTION.

{¶15} In his fourth assignment of error, H.V. argues that his counsel was ineffective for failing to object to the alleged sentencing errors. Because we have concluded that the court did not err in sentencing, we cannot conclude that counsel was ineffective for failing to object. H.V.'s fourth assignment of error is overruled.

III

{¶16} H.V.'s assignments of error are overruled. The judgments of the Lorain County Court of Common Pleas, Juvenile Division, are affirmed.

Judgments affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶17} With respect to H.V.'s second assignment of error, I concur that R.C. 2152.17(F) does not apply for the reasons stated in the main opinion. I note that H.V. has based his argument entirely on the notion that R.C. 2152.17(F) does not apply, without considering the possibility that other authority would allow such a result. Because I believe there is authority which would support the trial court's decision to impose consecutive sentences, I concur in the majority's judgment. *See In re Caldwell,* 76 Ohio St.3d 156 (1996); R.C. 2152.19(A)(8); R.C. 5139.52(F); R.C. 2152.22(E).

<u>APPEARANCES:</u>

KARRI A. PECK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and CHRIS A. PYANOWSKI, Assistant Prosecuting Attorney, for Appellee.