[Cite as *In re J.C.*, 2013-Ohio-2819.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: J.C., | : | **O P I N I O N** |
| DELINQUENT CHILD | | |
| | : | |
| | | **CASE NO. 2012-G-3105** |
| | : | |
| | : | |
| | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 12 JD 000362.

Judgment:  Reversed and remanded.

*David P. Joyce,* Geauga County Prosecutor, and *Christopher J. Joyce*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, 3rd Floor, Chardon, OH  44024 (For Appellee, state of Ohio).

*Timothy Young*, Ohio Public Defender, and *Brooke M. Burns*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH  43215 (For Appellant, J.C.).

COLLEEN MARY O'TOOLE, J.

{¶1}    Appellant, J.C., appeals from the August 9, 2012 judgment of the Geauga County Court of Common Pleas, Juvenile Division, which revoked his parole and recommitted him to the custody of the Ohio Department of Youth Services ("ODYS") until his twenty-first birthday.

{¶2} On October 20, 2010, appellee, the state of Ohio, filed a delinquency complaint against appellant in the Geauga County Court of Common Pleas, Juvenile Division. The complaint alleged that appellant, born on March 30, 1992, committed an act that, if committed by an adult, would have constituted rape. On February 16, 2011, the state amended the complaint to a violation of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4), if committed by an adult, in exchange for a plea of true. Following a disposition hearing, on April 14, 2011, the court committed appellant to the custody of ODYS for an indefinite term ranging from a minimum of six months to a maximum of his twenty-first birthday. On October 14, 2011, appellant was released on parole.

{¶3} Thereafter, on May 10, 2012, appellant was indicted in Mahoning County for having committed felonious assault and kidnapping. Appellant pleaded to assault. He was sentenced to serve 180 days, fined $1,000, and placed on monitored probation for two years.

{¶4} As a result of the Mahoning County case, on August 7, 2012, the state filed a new complaint in the Geauga County Court of Common Pleas, Juvenile Division, alleging that appellant had violated the terms of his parole. The state also filed a motion to revoke appellant's parole. Following a hearing, on August 9, 2012, the court revoked appellant's parole and recommitted him to the custody of ODYS until his twenty-first birthday, March 30, 2013. Appellant filed a timely appeal asserting the following two assignments of error:

{¶5} "[1.] The juvenile court committed plain error when it ordered [appellant] to return to the Department of Youth Services until his 21st birthday for a parole violation.

R.C. 5139.52(F); Fifth and Fourteenth Amendments to the United States Constitution; Article I, Section 16 of the Ohio Constitution; R.C. 5139.52(F)[.]

{¶6} "[2.] [Appellant] was denied the effective assistance of counsel when his attorney failed to object to the imposition of a minimum commitment that doesn't expire until his 21st birthday."

{¶7} Preliminarily, we note that appellant's twenty-first birthday, March 30, 2013, has passed and he is no longer in custody. A decision made after that date renders his appeal moot. Nevertheless, although his appeal is now moot, we hold that the underlying legal question in this matter is capable of repetition yet evading review. *See In re A.N., Delinquent Child*, 11th Dist. Nos. 2011-A-0057 and 2011-A-0058, 2012-Ohio-1789, ¶9 (holding "a court may hear and determine on the merits an appeal 'that is otherwise moot when the issues raised are "capable of repetition, yet evading review."' *Nextel West Corp. v. Franklin Cty. Bd. of Zoning Appeals*, 10th Dist. No. 03AP-625, 2004-Ohio-2943, ¶14, citing *State ex rel. Plain Dealer Pub. Co. v. Barnes*, 38 Ohio St.3d 165 (1988), paragraph one of syllabus. *Accord In re AG Subpoena*, 11th Dist. No. 2009-G-2916, 2010-Ohio-476.")

{¶8} Upon consideration, the state is correct regarding the fact that appellant's 21st birthday has already occurred. However, as we will address below, this panel is not directly following *In re A.N.* with respect to the R.C. 5139.52(F) issue. Therefore, the state's "Motion to Dismiss Appellant's First Assignment of Error for Mootness," is hereby overruled.

{¶9} Thus, we now turn to appellant's first assignment of error, in which he argues that the juvenile court committed plain error by ordering him to return to the

3

custody of ODYS until his 21st birthday for a parole violation. He contends that the court only had the authority to impose 30 days according to R.C. 5139.52(F). We agree.

{¶10} Appellant did not object to the length of his recommitment to ODYS in the court below. Therefore, we review the juvenile court's disposition for plain error only. Plain error exists where there is an obvious deviation from a legal rule that affected the defendant's substantial rights by influencing the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Plain error does not exist unless it can be said that but for the error, the outcome * * * would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 436 (1997).

{¶11} This case pertains to juvenile delinquency proceedings and sentencing. Upon disposition of a juvenile as delinquent, a court may commit the juvenile to the custody of ODYS, pursuant to R.C. 2152.16. Where the court orders commitment to ODYS, "the court retains control over the commitment for the minimum period specified by the court in divisions (A)(1)(a) to (e) of [R.C. 2152.16]. During the minimum period, [ODYS] shall not move the child to a non-secure setting without the permission of the court that imposed the disposition." R.C. 2152.16(A)(2). However, ODYS may release the child from institutionalization after the expiration of the minimum time period. R.C. 2152.16(B). The release may be supervised under the guidelines of R.C. 5139.51.

{¶12} Juvenile parole violation proceedings are governed by R.C. 5139.52(F) which states, in part, that if the juvenile court determines that a child made a serious violation of the terms of his supervised release, the court "may revoke the child's supervised release and order the child to be returned to the department of youth

4

services for institutionalization or, in any case, may make any other disposition of the child authorized by law that the court considers proper." Thus, this sentence sets forth the juvenile court's sanction options which include either a revocation of the supervised release or another authorized disposition (i.e., half-way house, house arrest, confinement in a detention facility, etc.).

{¶13} The next sentence of R.C. 5139.52(F) provides:

{¶14} "If the court orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of thirty days, the department shall not reduce the minimum thirty-day period of institutionalization for any time that the child was held in secure custody subsequent to the child's arrest and pending the revocation hearing and the child's return to the department, the release authority, in its discretion, may require the child to remain in institutionalization for longer than the minimum thirty-day period, and the child is not eligible for judicial release or early release during the minimum thirty-day period of institutionalization or any period of institutionalization in excess of the minimum thirty-day period."

{¶15} Reading the foregoing provisions together, R.C. 5139.52(F) allows the juvenile court to order the child returned to ODYS, where the child shall remain for at least 30 days. The 30-day minimum period is a limitation on ODYS's authority to determine the minimum length of the child's commitment once the child is returned to ODYS. The juvenile court does not have the authority to exceed the minimum period. Rather, the statute expressly provides that ODYS, as "the release authority," may, "in its

5

discretion, * * * require the child to remain in institutionalization for longer than the minimum thirty-day period * * *."

{¶16} There is a disagreement among the district courts that have considered whether the juvenile court may order a child returned to ODYS for more than a "minimum period of thirty days" pursuant to R.C. 5139.52(F). The Ohio Supreme Court recently certified a conflict on this issue and the matter is currently pending review. *In re L.L.B.*, 134 Ohio St.3d 1446, 2013-Ohio-347.

{¶17} Appellant wants us to follow the holdings of the Second and Twelfth Districts which have held that R.C. 5139.52(F) does not authorize a juvenile court to return a child to the custody of ODYS for more than the minimum period of 30 days. *In re I.M.*, 2d Dist. No. 2012 CA 20, 2012-Ohio-3847; *In re L.B.B.*, 12th Dist. No. CA2012-01-011, 2012-Ohio-4641. However, this court in *In re A.N.*, along with the Eighth and Ninth Districts, held that R.C. 5139.52(F) establishes a minimum, not an exact or maximum, amount of time for which the juvenile court must recommit the child. *In re A.N., supra*; *In re D.B.*, 8th Dist. No. 97445, 2012-Ohio-2505; *In re T.K.*, 9th Dist. No. 26076, 2012-Ohio-906.

{¶18} We note that the dissent in this case cites to *In re N.P.*, 11th Dist. No. 2012-A-0024, 2013-Ohio-1288, which relied on *In re A.N.* However, unlike the instant case, in *In re A.N.*, the only remedy appellant requested was that this court vacate his disposition as it related to the imposition of his 90-day commitment to ODYS. *In re A.N., supra,* at ¶8. We also note that *In re A.N.* was decided on April 23, 2012, prior to the Second District's release of *In re I.M.* on August 24, 2012, and the Twelfth District's release of *In re L.B.B.* on October 8, 2012.

6

**{¶19}** Based on our reading of *In re I.M.* and *In re L.B.B.,* and applying those cases to the facts of the instant case, we find that the juvenile court committed plain error when it ordered appellant to return to ODYS until his 21st birthday for a parole violation. We agree with the Second and Twelfth Districts the statute did not authorize the juvenile court to "sentence" a child to return to ODYS for a prescribed period of time once it revoked the child's supervised release. *In re I.M., supra,* at ¶28; *In re L.B.B., supra,* at ¶11-12. Rather, the discretion of the juvenile court is limited to determining whether the child's supervision should be revoked and the child returned to ODYS. *Id.* If the court determines that supervision should be revoked, R.C. 5139.52(F) then operates to ensure that the child remains institutionalized for a minimum period of 30 days. *Id.*

**{¶20}** Contrasting R.C. 5139.52(F) with R.C. 2152.16, which sets forth the periods of commitment to ODYS that apply when a juvenile court adjudicates a child delinquent for committing an act that would be considered a felony if committed by an adult, further supports our interpretation. *See In re I.M., supra,* at ¶29. In citing to R.C. 2152.16(A)(1)(a), appellant correctly asserts that a juvenile court may commit a child to ODYS until the child's 21st birthday for an act that would be murder and aggravated murder, neither of which apply here. For all other specified acts, the law prescribes a specific minimum period, i.e., six months, and a maximum period ending at age 21. R.C. 2152.16(A)(1)(b)-(e). R.C. 2152.16(A)(2) further states that, "'[i]n each case in which a court makes a disposition under this section, the court retains control over the commitment for the minimum period specified by the court (* * *). During the minimum

period, the department of youth services shall not move the child to a nonsecure setting without the permission of the court that imposed the disposition.'" *See In re I.M.* at ¶29.

**{¶21}** Under R.C. 5139.52(F), as stated, when a child commits a serious violation of his parole and if the juvenile court determines revocation of the child's supervised release is appropriate, the child "shall remain institutionalized for a minimum period of thirty days." "The juvenile court may not impose a longer minimum period of institutionalization as doing so would encroach upon [O]DYS's statutory authority to determine a child's release date following a parole violation and recommitment." *In re L.B.B., supra,* at ¶12. "R.C. 5139.52(F) expressly provides that [O]DYS, as 'the release authority' may, 'in its discretion, (* * *) require the child to remain in institutionalization for longer than the minimum thirty-day period.'" *Id.; See also In re I.M.* at ¶30. Thus, "the ability to keep a child committed to [O]DYS for more than the minimum 30-day period following a parole violation rests with the discretion of the release authority, and not the juvenile court." *Id.*

**{¶22}** Accordingly, we find that the juvenile court committed plain error in revoking appellant's parole and recommitting him to the custody of ODYS until his 21st birthday, rather than for a minimum period of 30 days as required by statute.

**{¶23}** Appellant's first assignment of error is with merit.

**{¶24}** In his second assignment of error, appellant contends he was denied the effective assistance of counsel because his attorney did not object to the juvenile court's imposition of the maximum commitment.

**{¶25}** Based on our finding in appellant's first assignment of error that the juvenile court committed plain error in ordering him to return to ODYS until his 21st

8

birthday for a parole violation, we now find appellant's argument under his second assignment of error to be moot. *See* App.R. 12(A)(1)(c); *In re L.B.B., supra,* at ¶16.

**{¶26}** For the foregoing reasons, as stated, the state's "Motion to Dismiss Appellant's First Assignment of Error for Mootness," is hereby overruled. The judgment of the Geauga County Court of Common Pleas, Juvenile Division, is reversed and the matter is remanded for the entry of a modified judgment entry that eliminates the phrase "until he attains the age of twenty-one" and includes the language "for a minimum period of thirty days" as required by R.C. 5139.52(F). It is ordered that appellee is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.

THOMAS R. WRIGHT, J., concurs.

TIMOTHY P. CANNON, P.J., dissents with a Dissenting Opinion.

_____

TIMOTHY P. CANNON, P.J., dissenting.

**{¶27}** For the reasons stated in *In re N.P.*, 11th Dist. No. 2012-A-0024, 2013-Ohio-1288, I dissent from the majority's opinion.

**{¶28}** In *In re N.P.*, we followed the standing precedent on the issue sub judice. This court has previously held that "'R.C. 5139.52(F) unambiguously states that if a trial court decides to return a juvenile to the custody of ODYS as a result of a parole violation, the court *shall* return him for no less than 30 days.'" (Emphasis sic.) *In re N.P.*, *supra*, ¶11, quoting *In re A.N.*, 11th Dist. Nos. 2011-A-0057 & 2011-A-0058, 2012-Ohio-1789, ¶12. "'While a trial court or ODYS Release Authority may require the child

9

to spend more than the minimum 30 days in ODYS's custody subsequent to a parole revocation, they are prohibited from requiring less than a 30-day commitment, or releasing the juvenile prior to completion of a minimum of 30 days.'" *Id.*, quoting *In re A.N.*, *supra*, ¶12.   Therefore, we found the trial court was within its power to revoke N.P.'s parole for a period of 180 days: 90 days for each parole violation.  *Id.* at ¶12.

{¶29}  R.C. 5139.52(F) provides, in pertinent part:

{¶30}  If the court of the county in which the child is placed on supervised release conducts a hearing and determines at the hearing that the child violated one or more of the terms and conditions of the child's supervised release, the court, if it determines that the violation was a serious violation, may revoke the child's supervised release and order the child to be returned to the department of youth services for institutionalization or, in any case, may make any other disposition of the child authorized by law that the court considers proper.  If the court orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of thirty days, the department shall not reduce the minimum thirty-day period of institutionalization for any time that the child was held in secure custody subsequent to the child's arrest and pending the revocation hearing and the child's return to the department, the release authority, in its discretion, may require the child to remain in institutionalization for longer than the minimum thirty-day period, and the child is not eligible for judicial release or early release during the minimum thirty-day period of institutionalization or *any period of*

10

*institutionalization in excess of the minimum thirty-day period.* (Emphasis added.)

**{¶31}** It follows that the phrase "any period of institutionalization in excess of the minimum thirty-day period" refers to the period of institutionalization imposed by the trial court greater than the 30-day minimum. If the trial court exercised its discretion and ordered the juvenile to return to ODYS, the department could not grant early release during the minimum period. Because the statute appears to contemplate that the trial court could impose a sentence greater than the stated minimum, it does not follow that the 30-day minimum reference is a limitation on the trial court's authority. If this was the intention of the legislature, it could have clearly stated it in that manner.

**{¶32}** In this case, the juvenile was committed to the custody of ODYS for a *minimum* of six months; the juvenile was released on parole; and the juvenile committed a separate offense while on parole. It does not make logical sense that if a juvenile violates parole, possibly as a result of the commission of subsequent offenses, the trial court would have the limited ability to restrain the juvenile to only a 30-day period of institutionalization.