[Cite as *In re K.H.*, 2013-Ohio-5743.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 99981 and 99982**

# IN RE: K.H.
# A Minor Child

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 13100558

**BEFORE:** Jones, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 26, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

Sheryl A. Trzaska
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Joseph J. Ricotta
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Juvenile-appellant, K.H., appeals his commitment to the Ohio Department of Youth Services ("DYS"). We affirm.

I. Procedural History

{¶2} In 2009, K.H. was found delinquent of aggravated robbery with a one-year firearm specification and felonious assault. He was committed to DYS for a period of two years up to his twenty-first birthday. When he was released from DYS, he was placed on parole, but he violated parole, and was placed at a residential center and continued on probation.

{¶3} In 2013, K.H. was charged with escape and with violating his probation in his aggravated robbery case after he failed to return to the residential center after being allowed to visit his father during the 2012 Christmas holiday. He admitted to both charges and the juvenile court committed him to DYS for a minimum of one year, maximum to his twenty-first birthday. The court also revoked his probation in his aggravated robbery case and committed him to DYS for a minimum period of 90 days. The court later issued a nunc pro tunc journal entry and ordered that the two commitments be served consecutively.

{¶4} K.H. filed a delayed notice of appeal in both cases and this court granted him leave to appeal. K.H. raises the following three assignments of error for our review:

> [I]. The juvenile court committed plain error when it ordered [K.H.] to serve a minimum period of ninety days for a revocation of his supervised release, because the court is

limited to determining whether the child should be returned to the Department of Youth Services, and may not commit a child for a prescribed period of time. R.C. 5139.52(F).

[II.] The juvenile court committed plain error when it ordered [K.H.'s] revocation be served consecutively to his new commitment, because a juvenile court may not order a revocation of supervised release to be served consecutively to a new commitment to the Department of Youth Services. R.C. 2152.17.

[III]. [K.H.] was denied effective assistance of counsel when his attorney failed to object to the imposition of an unlawful, consecutive commitment. Sixth and Fourteenth Amendments to the United States Constitutions; Ohio Constitution Article I, Sections 10 and 16.

{¶5} We have consolidated the two appeals for briefing and disposition.

## II.   Law and Analysis

Length of Commitment

{¶6} In the first assignment of error, K.H. claims that the trial court erred when it ordered him to serve a minimum sentence of 90 days for his violating the terms of his probation. According to K.H., only DYS, not the court, may impose a term longer than 30 days for a violation of his supervised release. K.H. concedes that because he did not object to the trial court's imposition of sentence, he has waived all but plain error. Plain error exists when, but for the error, the outcome would have been different. *In re J.T.*, 8th Dist. Cuyahoga No. 93241, 2009-Ohio-6224, ¶ 67.

{¶7} R.C. 5139.52(F) governs the violation of supervised release and provides, in part:

If the court * * * determines at the hearing that the child violated one or

more of the terms and conditions of the child's supervised release, the court * * * may revoke the child's supervised release and order the child to be returned to the department of youth services for institutionalization or, in any case, may make any other disposition of the child authorized by law that the court considers proper.   If the court orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of thirty days * * *.   [T]he release authority, in its discretion, may require the child to remain in institutionalization for longer than the minimum thirty-day period, and the child is not eligible for judicial release or early release during the minimum thirty-day    period    of    institutionalization    or    any    period    of institutionalization in excess of the minimum thirty-day period.

{¶8} The state notes that this court dealt with an analogous situation in *In re D.B.*, 8th Dist. Cuyahoga No. 87445, 2012-Ohio-2505, and held that R.C. 5139.52(F) authorizes juvenile courts to impose a sentence greater than the minimum 30-day commitment period for a supervised release violation.

{¶9} In *In re D.B.*, D.B. violated his probation; the court revoked his probation and committed him to DYS.   The court subsequently granted him judicial release and placed him under DYS supervision (parole).   D.B. violated the terms of his parole and the trial court sent him back to DYS for 90 days.   He was released from DYS custody, but was later recommitted to the institution for another 90 days after again violating the terms and conditions of his parole.

{¶10} After D.B. was released from DYS, he violated parole another time and was recommitted to DYS.   As part of his commitment, the trial court ordered that he be returned to DYS custody for a period of not less than 90 days or until he completed a specialized release program.   D.B. appealed, arguing that the trial court did not have the authority to order more than a 30-day commitment.

**{¶11}** This court disagreed, concluding that although the governing statute, R.C. 5139.52(F), provides that a child "shall remain institutionalized for a minimum period of thirty days, the statute does not provide that a child may only be institutionalized for only 30 days; rather, it states that the child must be given a minimum commitment of 30 days." *In re D.B.* at ¶ 18.

**{¶12}** This court reasoned that R.C. 5139.52(F) gives a juvenile court the discretion to "make any other disposition of the child authorized by law that the court considers proper" and "[u]se of the word 'any' means that the trial court had discretion to take any steps the court believed necessary to fully and completely implement the rehabilitative disposition of the child, including that of committing D.B. to DYS for 90 days." *Id.*

**{¶13}** K.H. acknowledges our holding in *In re D.B.*, but urges this court to reverse and follow the Second, Eleventh, and Twelfth Appellate Districts in holding that R.C. 5139.52(F) does not authorize a juvenile court to return a child to the custody of the DYS for more than the minimum period of 30 days. *In re J.C.*, 11th Dist. Geauga No. 2012-G-3105, 2013-Ohio-2819; *In re I.M.*, 2d Dist. Clark No. 2012 CA 20, 2012-Ohio-3847; *In re L.B.B.*, 12th Dist. Butler No. CA2012-01-011, 2012-Ohio-4641.[1] We decline to do so.

**{¶14}** For reasons stated in *D.B.*, we find that the statute allows the trial court to sentence a juvenile to more than 30 days of commitment. The trial court in this case had

---

[1] The Ohio Supreme Court certified a conflict on this issue and the matter is pending review. *In re L.L.B.*, 134 Ohio St.3d 1446, 2013-Ohio-347, 982 N.E.2d 726; *In re H.V.,* 134 Ohio St.3d 1417,

the discretion and authority to fashion a sentence it found most appropriate for K.H. As will be discussed under the second assignment of error, the trial court did not abuse its discretion in sentencing K.H. to a 90-day commitment to DYS for his probation violation.

{¶15} The first assignment of error is overruled.

Consecutive Commitments

{¶16} In the second assignment of error, K.H. argues that the court erred in ordering K.H.'s revocation be served consecutively to his new commitment because a juvenile court may not order a revocation of supervised release to be served consecutively to a new term of commitment.

{¶17} A juvenile court's order of disposition will not be reversed absent an abuse of discretion. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶6. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶18} K.H. argues that the trial court improperly imposed consecutive terms of commitment because R.C. 2152.17(F) does not allow a court to impose a commitment for a parole or probation violation consecutive to another term of commitment. R.C. 2152.17(F) provides:

> If a child adjudicated a delinquent child for committing two or more acts
> that would be felonies if committed by an adult and if the court * * * orders
> the commitment of the child for two or more of those acts to the legal

custody of the department of youth services * * * the court may order that all of the periods of commitment imposed under those sections for those acts be served consecutively * * * .

{¶19} According to K.H., a court may only sentence a juvenile to consecutive terms of commitment when a court adjudicates a child delinquent for two or more acts that would be felonies if committed by an adult; that is, Ohio law does not authorize consecutive commitments for parole or probation violations. The state argues that R.C. 2152.17(F) is not the sole governing authority that allows a juvenile court to impose consecutive sentences; because a juvenile court enjoys broad discretion to craft an appropriate disposition for a child adjudicated delinquent, the court has discretion to impose consecutive terms of commitment.

{¶20} The state cites a recent decision by the Eleventh Appellate District to support its position. In *In re N.P.*, 11th Dist. Ashtabula No. 2012-A-0024, 2013-Ohio-1288, *appeal allowed,* 136 Ohio St.3d 1449, 2013-Ohio-3210, 991 N.E.2d 256, the Eleventh Appellate District held that, although R.C. 2152.17(F) is inapplicable to sentences for parole violations, because a juvenile court has discretion to craft an appropriate disposition for a child adjudicated delinquent, it has the inherent authority to run the child's parole violation consecutive to another term of commitment. *Id.* at ¶ 17.

> A juvenile court may commit a child to the custody of ODYS for an indefinite term, not to exceed the child's 21st birthday. R.C. 2152.16(A). It was therefore within the trial court's inherent authority to run appellant's parole violations consecutively.

*Id.*; *see also In re H.V.*, 9th Dist. Lorain Nos. 11CA010139 and 11CA010140,

2012-Ohio-3742, ¶ 9, *appeal allowed,* 134 Ohio St.3d 1417, 2013-Ohio-158, 981 N.E.2d 884; *In re K.P.*, 9th Dist. Lorain No. 12CA010183, 2012-Ohio-5814, ¶ 7 (holding that it is within the inherent authority of the juvenile court to run parole violations consecutively to DYS commitments for new crimes).

{¶21} By the plain language of the statute, R.C. 2152.17(F) only applies when a child has been adjudicated delinquent for the commission of two or more acts that would be felonies if committed by an adult. Therefore, the statute is inapplicable to the case at bar.

{¶22} We acknowledge that the Ohio Supreme Court is currently reviewing the Eleventh and Ninth Districts' approach to consecutive terms of commitment when one of the terms is a probation or parole revocation. A juvenile court is mandated to impose dispositions that achieve the overriding purpose of R.C. 2152.01(B), which

> are to provide for the care, protection, and mental and physical development of children * * * , protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender.

In doing so, juvenile courts are specially charged with providing for the "care, protection, and mental and physical development of children subject to this chapter * * * ." R.C. 2152.01(A). In allowing the trial court the discretion to fashion an appropriate sentence for a given child, including the imposition of consecutive terms of commitment, a court may best try to achieve these statutory purposes.

{¶23} At the dispositional hearing in this case, K.H.'s father, stepmother, attorney, guardian ad litem, probation officer, parole officer, and the prosecutor were present in

court. The juvenile court noted that K.H. failed to return to the residential center after being allowed to visit his father on a Christmas home pass. The court further noted that K.H. was not located until February 2013, when he was found at a hospital being treated for two gunshot wounds to the abdomen.

{¶24} The court took into consideration that the residential center where K.H. had been living would not take him back, K.H.'s father told the court that his son had no remorse for his actions and would continue to "run the streets," and K.H.'s guardian ad litem opined that the most appropriate placement for the child was DYS. The court also noted that K.H.'s history with the court began when he was 13 years old and shot another juvenile in the face; he then committed aggravated robbery and violated his parole.

{¶25} The court determined it "literally ha[d] no other options to protect the safety of the community and [K.H.] besides ODYS." The court told K.H. that it was specifically crafting his commitment so that he would be released from DYS around his 18th birthday.

{¶26} In light of the above, the trial court did not abuse its discretion in running K.H.'s probation violation consecutive to his term of commitment for escape.

{¶27} The second assignment of error is overruled.

Ineffective Assistance of Counsel

{¶28} In the third assignment of error, K.H. argues that he was afforded ineffective assistance of counsel because his attorney did not object to the length of his commitment.

{¶29} "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that

the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to succeed on a claim of ineffective assistance of counsel, K.H. must satisfy a two-prong test. First, he must demonstrate that his trial counsel's performance was deficient. *Id.* at 687. If he can show deficient performance, he must next demonstrate that he was prejudiced by the deficient performance. *Id.* To show prejudice, K.H. must establish there is a reasonable probability that, but for his counsel's unprofessional errors, the result of his dispositional hearing would have been different.

{¶30} Because we have concluded that the court did not err in sentencing, we cannot conclude that counsel was ineffective for failing to object at the length of his commitment. Therefore, K.H. is unable to show that he received ineffective assistance of counsel.

{¶31} The third assignment of error is overruled.

{¶32} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution. The finding of delinquency having been affirmed, any bail or stay of execution pending appeal is terminated. Case remanded to the trial court for execution of commitment.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR