IN RE KIRBY.

[Cite as *In re Kirby*, 101 Ohio St.3d 312, 2004-Ohio-970.]

(No. 2003–0189—Submitted October 21, 2003—Decided March 17, 2004.)

———————

O'DONNELL, J.

{¶ 1} Gary Lee Kirby, a juvenile, appeals from the appellate court's decision affirming the judgment of the Warren County juvenile court, which found him delinquent, based upon conduct that, if committed by an adult, would have resulted in convictions for two counts of rape of a child under the age of 13 (R.C. 2907.02[A][1][b] ).

{¶ 2} Kirby has maintained that he is innocent of any wrongdoing. He complains on appeal that he had attempted to admit to less serious charges, pursuant to an agreement with the prosecuting attorney, but that the juvenile court magistrate refused to accept his admission to lesser charges because he failed to admit to any facts that would form the basis for a finding of delinquency.

{¶ 3} Kirby argues that the magistrate should have accepted his proposed admission in accordance with *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. In *Alford,* the court determined that an adult charged with criminal conduct could both enter a guilty plea to a charge and simultaneously maintain his innocence. Kirby seeks to have us accord juveniles the right to enter such *Alford* pleas. After full consideration, however, we have concluded that material differences exist between adult and juvenile court proceedings and that Ohio bars juvenile offenders from simultaneously admitting to criminal conduct and maintaining their innocence. Accordingly, we affirm the judgment of the court of appeals.

I

{¶ 4} The record before us reflects that in June 2000, 11–year–old Gary Kirby accompanied his parents to visit his half-sister, Heather, who needed a babysitter for her grandmother and her five-year-old son. While there, Kirby watched television on a bed in Heather's bedroom together with her son and her nine-year-old niece. When the girl began to fall off the bed, Kirby caught her, touching her breast. She left the room to tell Kirby's mother what he had done to her. At that time, Kirby allegedly performed fellatio on Heather's five-year-old son and had the boy perform fellatio on him.

{¶ 5} Upon investigation of these matters, Patrolman J. Slyder signed a delinquency complaint in juvenile court alleging that Kirby had committed two counts of rape, in violation of R.C. 2907.02(A)(1). In addition, Kirby faced an allegation of gross sexual imposition, in violation of R.C. 2907.05(A)(4).

{¶ 6} Kirby denied these allegations and has maintained throughout these proceedings that he did not do any of the things of which he is accused.

{¶ 7} When the matter came before the juvenile court for an adjudicatory hearing, a court magistrate initially ruled the five-year-old competent to testify. At that point, defense counsel for Kirby and the prosecutor informed the court that they had reached a negotiated case resolution whereby Kirby would admit to one count of gross sexual imposition and one count of attempted sexual imposition.

{¶ 8} The magistrate then asked Kirby for his version of what had occurred. Kirby stated that he and the others simply watched a movie and played outside. Because Kirby made no admission of culpability, the magistrate concluded that no factual basis existed for his admission. Defense counsel argued that Kirby should be allowed to enter an *Alford* plea to reduced charges, explaining that, after considering the seriousness of the charges and the risk of an adverse outcome, his client and his client's mother agreed to the negotiated resolution.

{¶ 9} The magistrate explained that Kirby need not admit the facts as alleged in the case, but that he must admit to some facts that constituted an offense. The magistrate therefore treated Kirby's refusal to admit the allegations as a denial, rejected the proposed resolution, and conducted an adjudicatory hearing on the merits of the charges, pursuant to Juv.R. 29.

{¶ 10} At the conclusion of the evidence, the magistrate dismissed the gross sexual imposition charge but adjudicated Kirby delinquent on the two charges of rape. The trial court overruled Kirby's objections and adopted the magistrate's decision.

{¶ 11} On appeal, the appellate court noted that Crim.R. 11 defines a plea of guilty as a complete admission of guilt, whereas Juv.R. 29 requires either an admission or denial of the facts in the complaint. The appellate court affirmed the judgment of the juvenile court, concluding that it had not abused its discretion in rejecting Kirby's proposed admission to lesser charges.

{¶ 12} We accepted jurisdiction to consider whether a juvenile in Ohio has a constitutional right to enter an *Alford* plea.

II

{¶ 13} In *Alford,* the court did not determine that adult offenders have a constitutional right to enter a guilty plea and simultaneously maintain innocence; rather, the opinion merely states that courts *may,* in certain circumstances, accept guilty pleas of defendants who maintain their innocence.

{¶ 14} The facts there show that Alford had been charged with the crime of first-degree murder, a capital offense in North Carolina. "Faced with strong evidence of guilt and no substantial evidentiary support for the claim of inno-

cence, Alford's attorney recommended that he plead guilty but left the ultimate decision to Alford himself," who eventually pled guilty to second-degree murder. *Alford,* 400 U.S. at 27, 91 S.Ct. 160, 27 L.Ed.2d 162. After hearing a summary of the state's case against him and finding that a substantial factual basis existed for the charge, the trial court accepted Alford's guilty plea to the lesser charge and sentenced him to the maximum prison sentence of 30 years.

{¶ 15} In federal habeas corpus proceedings, Alford argued that he was coerced into pleading guilty to avoid the death penalty. The Fourth Circuit granted the writ. The United States Supreme Court vacated that judgment and remanded the cause, holding that a criminal defendant may enter a guilty plea while maintaining his innocence provided that the plea is entered voluntarily, knowingly, and intelligently and that some factual basis exists to support the allegations in the indictment. The court concluded that Alford, faced with such a strong case against him, voluntarily and intelligently agreed to plead to a lesser charge and avoid the possibility of the death penalty.

{¶ 16} The court never stated that every defendant has a constitutional right to enter a guilty plea while maintaining his innocence. The court explained:

{¶ 17} "Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. *A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court,* [citation omitted], although the States may by statute or otherwise confer such a right." (Emphasis added.) Id. at 38, 91 S.Ct. 160, 27 L.Ed.2d 162, fn. 11.

{¶ 18} The court continued, "Likewise, the States *may bar* their courts from accepting guilty pleas from any defendants who assert their innocence." (Emphasis added.) Id.

{¶ 19} Having concluded that no absolute constitutional right to enter an *Alford* plea exists and that states may bar courts from accepting *Alford* pleas, we consider here whether juveniles in Ohio may enter such a plea.

{¶ 20} Kirby maintains that juvenile offenders in this state should be permitted to enter *Alford* pleas because adult offenders in Ohio are permitted to do so and because the criminal procedure in adult court is analogous to the procedure for adjudicatory hearings in juvenile court.

{¶ 21} Procedural and systemic differences, however, exist between the juvenile courts and the adult criminal courts in Ohio. See, e.g., *In re Agler* (1969), 19 Ohio St.2d 70, 48 O.O.2d 85, 249 N.E.2d 808. Notably, a juvenile adjudicatory hearing is not at all similar to a criminal trial. In those hearings, juveniles are asked to admit or deny allegations; they are not asked to enter pleas of guilty or not guilty. The objective of entering an *Alford* plea is incongruent with the

stated purposes of the juvenile court—to "provide for the care, protection, and mental and physical development of children, to protect the public from the wrongful acts committed by juvenile delinquents, and to rehabilitate errant children and bring them back to productive citizenship, or, as [R.C. 2151.01] states, to supervise, care for and rehabilitate those children." *In re Caldwell* (1996), 76 Ohio St.3d 156, 157, 666 N.E.2d 1367.

{¶ 22} Next, we recognize that the procedures for the acceptance of a guilty plea in an adult criminal court are found in Crim.R. 11, while the procedures for the acceptance of an admission or denial in juvenile court are set forth in Juv.R. 29. We shall consider each in turn.

{¶ 23} Crim.R. 11(B)(1) provides that a guilty plea is "a complete admission of the defendant's guilt." When a defendant enters a guilty plea to a felony charge under Crim.R. 11, the court may not accept the plea unless it addresses the defendant personally and determines (1) that the defendant is entering the plea voluntarily; (2) that the defendant understands the effect of the plea; and (3) that the defendant understands that he is waiving his rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, to require the state to prove his guilt beyond a reasonable doubt, and asserts the right against self-incrimination. Crim.R. 11(C)(2)(a) to (c). Additional procedures apply when the defendant is unrepresented by counsel and when the defendant is accused of aggravated murder. Crim.R. 11(C)(3). And, in cases other than felony or aggravated murder, "the court need not take testimony upon a plea of guilty or no contest." Crim.R. 11(C)(4).

{¶ 24} Juv.R. 29, on the other hand, provides that a juvenile admit or deny the allegations. Before accepting an "admission," the juvenile court is required to address the juvenile personally and determine (1) that the juvenile is making the admission "voluntarily with understanding of the nature of the allegations and the consequences of the admission" and (2) that the juvenile "understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." Juv.R. 29(D)(1) and (2).

{¶ 25} Further, when the juvenile court is deciding whether to accept the admission, it "may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule." Juv.R. 29(D).

{¶ 26} While Crim.R. 11 and Juv.R. 29 are similar, they are not identical. Significantly, Juv.R. 29 has a provision not found in Crim.R. 11: a juvenile's "failure or refusal to admit the allegations *shall be deemed a denial*." (Emphasis added.) Juv.R. 29(C). In the case of a denial, the juvenile court is required to follow the procedure set forth in division (E) of Juv.R. 29, which provides that the

juvenile court considers the evidence and determines the issues. Juv.R. 29(E)(3) and (4).

{¶ 27} Thus, Juv.R. 29(C) mandates the procedure for the juvenile court to follow when a juvenile offender fails or refuses to admit to allegations: the court must treat that failure or refusal as a denial. Therefore, acceptance of an *Alford* plea by a juvenile court is inconsistent with the objectives, procedures, and rules of the juvenile court system.

{¶ 28} We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

RESNICK, J., concurs in judgment only.

———————

Ruppert, Bronson, Ruppert & D'Amico Co., L.P.A., Rupert E. Ruppert and Jeffrey A. Ruppert, for appellant.

William E. Peelle, Clinton County Prosecuting Attorney, and David M. Henry, Assistant Prosecuting Attorney, for appellee.