[Cite as *In re K.P.*, 2012-Ohio-5814.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: K.P.

C.A. No.      12CA010183

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.      11 JD 34929

DECISION AND JOURNAL ENTRY

Dated: December 10, 2012

CARR, Judge.

{¶1}    Appellant, K.P., appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division.  This Court affirms.

I.

{¶2}    In Case No. 09JD26221, the trial court found K.P. delinquent of one count of robbery, a third degree felony if committed by an adult.  While on parole in Case No. 09JD26221, K.P. was arrested again.  In its journal entry issued on January 20, 2012, the trial court found that K.P. was a delinquent child by reason of having committed an act which if committed by an adult would be a felony of the fourth degree, namely receiving stolen property.  The trial court ordered that K.P. be ordered to the legal custody of the Department of Youth Services for an indefinite period of six months to twenty-one years of age in Case No. 11JD34929.  The trial court further ordered that the commitment to DYS was to be served consecutively to the parole revocation under Case. No. 09JD26221.

**{¶3}**   On appeal, K.P. raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE JUVENILE COURT COMMITTED PLAIN ERROR WHEN IT ORDERED [K.P.] TO SERVE HIS PAROLE REVOCATION IN CASE 09JD26221 CONSECUTIVELY TO HIS DYS COMMITMENT IN CASE 11JD34929.   2152.17(F); FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

**{¶4}**   In his first assignment of error, K.P. argues the trial court committed plain error when it ordered K.P to serve his parole revocation in Case No. 09JD26221 consecutively to his DYS commitment in Case No. 11JD34929.  This Court disagrees.

**{¶5}**   In support of his assignment of error, K.P. argues that the trial court erred as a matter of law by sentencing him to consecutive DYS commitments.  K.P. contends that a juvenile court's authority to impose consecutive DYS commitments comes solely from R.C. 2152.17(F).  K.P. asserts that because R.C. 2152.17(F) does not provide for a parole revocation to be served consecutively to a DYS commitment for a new crime, the trial court's sentence in this case constituted plain error.

**{¶6}**   "[A] juvenile court has broad discretion to craft an appropriate disposition for a child adjudicated delinquent." *In re D.S.* 111 Ohio St.3d 361, 2006-Ohio-5851, ¶ 6.  A juvenile court may commit a child to the custody of DYS for an indefinite term, not to exceed the child's twenty-first birthday.  R.C. 2152.16(A).  This Court recently held that R.C. 2152.17(F) is inapplicable to sentences for parole violations.  *In re H.V.*, 9th Dist. Nos. 11CA010139, 11CA010140, 2012-Ohio-3742, ¶ 9.  Even in cases such as this where R.C. 2152.17(F) is inapplicable, this Court has determined that "[i]n sentencing [the juvenile] for his violation of

parole, the court had the inherent authority to run his sentence consecutive to his sentence for the new offense[.]" *Id*. at ¶ 12.

{¶7} Here, the juvenile court ordered that K.P. be ordered to the legal custody of DYS for an indefinite period of six months to twenty-one years of age in Case No. 11JD34929. The trial court further ordered that the commitment to DYS in Case No. 11JD34929 was to be served consecutively to the parole revocation under Case. No. 09JD26221. As we held in *In re H.V.*, it is within the inherent authority of the juvenile court to run parole violations consecutively to DYS commitments for new crimes. *Id*. at ¶ 12. Thus, the juvenile court did not err in running K.P.'s parole revocation consecutively to his DYS commitment for committing a new crime.

{¶8} K.P.'s first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO [K.P.'S] CONSECUTIVE COMMITMENTS. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶9} In his second assignment of error, K.P. argues that trial counsel rendered ineffective assistance by failing to object to the trial court's decision to sentence him to consecutive commitments. Because this Court has concluded that the juvenile court did not err in its decision to run K.P.'s commitments consecutively, we cannot conclude that counsel was ineffective for failing to object. *See In re H.V.* at ¶ 15. K.P.'s second assignment of error is overruled.

III.

{¶10} K.P.'s assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

4

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

SHERYL TRZASKA, Assistant State Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.