[Cite as *State v. Cooper*, 2016-Ohio-450.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JAMES L. COOPER,

    DEFENDANT-APPELLANT.

CASE NO. 4-15-10

O P I N I O N

Appeal from Defiance County Common Pleas Court
Trial Court No. 14 CR 11853

**Judgment Affirmed**

**Date of Decision: February 8, 2016**

APPEARANCES:

    *W. Alex Smith* for Appellant

    *Russell R. Herman* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant, James Cooper ("Cooper"), brings this appeal from the judgment of the Common Pleas Court of Defiance County, Ohio, which accepted his plea of guilty to one count of involuntary manslaughter, a felony of the first degree in violation of R.C. 2903.04(A), and sentenced him to eleven years in prison. For the reasons that follow, we affirm the trial court's judgment.

### *Relevant Facts*

{¶2} On January 24, 2014, Cooper was watching a five-month-old child of his live-in-girlfriend, Emily, while Emily was sleeping. During that time, the child sustained severe injuries, which led to the child's death on January 26, 2014. Medical findings led to a diagnosis of shaken baby syndrome, and the coroner declared that the child died of complications of blunt force trauma to the head. The investigation led to the charges in this case, filed against Cooper on January 30, 2014. A three-count indictment charged Cooper with one count of murder, an unclassified felony in violation of R.C. 2903.02(B); one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1); and one count of endangering children, a felony of the second degree in violation of R.C. 2919.22(B)(1). (R. at 2.)

{¶3} Cooper initially pled not guilty. On November 3, the State agreed to dismiss the underlying indictment in exchange for Cooper entering a guilty plea to a newly-filed bill of information, charging him with one count of involuntary

manslaughter, a felony of the first degree in violation of R.C. 2903.04(A). (*See* Tr. of Proceedings at 3, Nov. 3, 2014; R. at 8, 17, 20.) No agreement was made as to the sentencing. (*Id.*) Cooper entered a guilty plea under *Alford v. North Carolina*,[1] and the case proceeded to a sentencing hearing on December 22, 2014.

{¶4} After a pre-sentence investigation, the trial court sentenced Cooper to eleven years in prison. Cooper filed this timely appeal in which he alleges one assignment of error, as quoted below.

### Assignment of Error

The trial court erred when it imposed a maximum sentence that was contrary to law.

### Standard of Review

{¶5} A trial court has discretion to impose a prison sentence that is within the statutory range. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37; *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. But in exercising that discretion, the trial court must "carefully consider" statutory sentencing guidelines set forth by R.C. 2929.11 and R.C. 2929.12, as well as the "statutes that are specific to the case itself." *Matthis* at ¶ 38. If the defendant can show, by clear and convincing evidence, that the trial court failed to consider or follow the proper statutes, the sentence is subject to reversal as contrary to law. *See id.* at ¶ 31-33; R.C. 2953.08(G)(2). Assuming, however, that the trial court

---

[1] *N. Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (recognizing that an adult charged with criminal conduct could both enter a guilty plea to a charge and simultaneously maintain his innocence); *see In re Kirby*, 101 Ohio St.3d 312, 2004-Ohio-970, 804 N.E.2d 476, 477, ¶ 3 (2004).

has complied with the applicable rules and statutes, its application of the relevant R.C. 2929.11 and R.C. 2929.12 factors and selection of a sentence from the permissible statutory range are subject to review for abuse of discretion. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17 (2008) (plurality opinion); *State v. Lewis*, 11th Dist. Lake No. 2011-L-004, 2011-Ohio-4700, ¶ 13-14.

### *Analysis*

{¶6} Under R.C. 2929.11 the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). Furthermore, the trial court must ensure that the sentence is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * , commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶7} Under R.C. 2929.12, the trial court shall consider a number of additional factors that relate to the seriousness of the conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces. As relevant to this appeal, in determining the seriousness of the offender's conduct, the trial court is required to consider whether:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

* * *

(6) The offender's relationship with the victim facilitated the offense.

* * *

R.C. 2929.12(B).

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

R.C. 2929.12(C). In determining whether the offender is likely to commit future crimes, the trial court must consider the following factors:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1,

2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

R.C. 2929.12(D).

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

R.C. 2929.12(E). Additionally, the trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. Although the trial court must consider the applicable statutory factors, it is not required to make

specific findings on the record with respect to these factors. *Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 10.

{¶8} In his argument on appeal, Cooper does not allege that the trial court failed to consider the statutory factors or that it imposed a sentence that is contrary to law. Indeed, the trial court discussed the relevant factors on the record and chose a sentence that fell within the statutory range for a felony of the first degree (three to eleven years). R.C. 2929.14(A)(1).

{¶9} The trial court particularly discussed a presentence investigation report prepared in this case and noted Cooper's adjudication as a delinquent child due to gross sexual imposition, which was an amended charge "from initial allegations of Rape, for engaging in sexual contact with a four year [sic] female." (Tr. of Proceedings at 16, Dec. 22, 2014.) The trial court further noted underage consumption of alcohol and a 2010 charge for domestic violence and child endangering, which was pled down to two counts of disorderly conduct. (*Id.*) The presentence investigation contained other information that the trial court considered "disturbing," including an account of events that led to the domestic violence and child endangering charges, and allegations of Cooper being abusive toward Emily. (*Id.* at 17-18.) It referred to statements from Emily, which indicated that Cooper had previously held her child's mouth shut to stop the child from crying, causing bruising, or that he applied pressure to the child's chest to the point where the child could not breathe. (*Id.* at 18-19.) Another account indicated

that Cooper's four-year-old son had warned Emily that his "daddy is hurting the baby." (*Id.* at 19.) The trial court recognized that there were no charges against Cooper stemming from these other allegations contained in the presentence investigation report, but the totality of the circumstances demonstrated a history of violent behavior. (*Id.* at 19; *see id.* at 5.) The trial court further commented that Cooper attempted to avoid responsibility for his criminal behavior by stating that he did not "have any idea what happened" to result in the child's death. (*Id.* 20.)

{¶10} The trial court concluded that Cooper's history and the circumstances of the instant offense demonstrated that Cooper was a danger to the community and "would likely engage in similar conduct if given an opportunity." (*Id.* at 20.) The trial court then compared the instant offense to other offenses of involuntary manslaughter, which usually occur "in connection with a robbery offense gone wrong" and concluded that this offense was made worse by "how bad the underlying or predicate felony of Child Endangering is." (*Id.*) Taking into consideration the facts and circumstances of this case, Cooper's history, his lack of remorse, and the fact that it was the worst form of the offense, the trial court was persuaded that Cooper was "among the most likely of criminal defendants to commit new similar offenses." (*Id.* at 21.) Further, the trial court determined that the maximum sentence was "certainly not disproportionate to the harm caused, the impact upon the principal victim, and the impact upon the tangential victims." (*Id.*)

{¶11} Cooper's argument on appeal suggests that the trial court improperly applied the factors of R.C. 2929.11 and 2929.12. In particular, Cooper alleges that the sentence is not " 'consistent with sentences imposed for similar crimes committed by similar offenders,' " because "it is unlikely that other individuals with no prior felonies would receive a maximum sentence." (App't Br. at 4-5, quoting R.C. 2929.11(B).) He further contends that the trial court focused on the death of a child and lack of remorse instead of "weighing the principles and factors required by [R.C.] 2929.11 and 2929.12." (App't Br. at 6.)

{¶12} Cooper fails to sustain the merits of his first challenge, as he admits in his brief that his allegation that other individuals with no prior felonies would not receive a maximum sentence is "only speculative." (App't Br. at 5.) He fails to sustain his other challenge as well. Contrary to his suggestion that the trial court focused solely on the death of a child, a review of the sentencing transcript, summarized above, shows that the trial court considered Cooper's criminal record, prior history of violence, allegations of abuse against Emily, accounts of prior incidents of endangering Emily's child, and the known details of the instant offense, which led the trial court to conclude that a maximum sentence was warranted.

{¶13} An appellate court should not substitute its judgment for that of the trial court because the trial court is in a better position to judge the defendant's chances of recidivism and determine the effects of the crime on the victim. *State*

*v. Watkins,* 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16. We find no abuse of discretion in the trial court's analysis of the relevant statutory factors. Furthermore, in light of the extensive evidence suggesting the likelihood of Cooper's recidivism, we find no error in the trial court's imposition of a maximum sentence. *See Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 11.

**{¶14}** Accordingly, the assignment of error is overruled.

### *Conclusion*

**{¶15}** Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Common Pleas Court of Defiance County, Ohio, is therefore affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/hlo**