[Cite as *In re R.H.*, 2017-Ohio-467.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104455**

# IN RE: R.H.
# A MINOR CHILD

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 13117582

**BEFORE:** E.T. Gallagher, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 9, 2017

**ATTORNEY FOR APPELLANT**

Anita Barthol Staley
7327 Center Street
Mentor, Ohio 44060


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brandon A. Piteo
         Scott C. Zarzycki
Assistant Prosecuting Attorneys
The Justice Center, 8th and 9th Floors
1200 Ontario Street
Cleveland, Ohio 44113

Danielle L. Williams
Assistant Prosecuting Attorney
Children and Family Services Unit
8111 Quincy Avenue
Cleveland, Ohio 44104

**GUARDIAN AD LITEM**

Jonathan Z. Wilbur
13940 Cedar Rd., Suite 246
Cleveland, Ohio 44118

EILEEN T. GALLAGHER, P.J.:

{¶1} Juvenile-appellant, R.H., appeals the disposition ordered by the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"). He raises the following assignments of error for our review:

1. The juvenile court erred to the prejudice of the appellant by sentencing him to consecutive sentences, as it was not necessary to protect the public, and said sentences are disproportionate to the seriousness of the offender's conduct and to the danger the offender poses.

2. The juvenile court erred to the prejudice of the appellant by sentencing him to 18 months actual incarceration, as said sentence is excessive.

{¶2} After careful review of the record and relevant case law, we affirm.

## I. Procedural History

{¶3} In July 2015, R.H. admitted to allegations of an amended complaint in Cuyahoga J.C. No. DL 13117582 and was adjudicated to be delinquent of possession of cocaine in violation of R.C. 2925.11, a felony of the fifth degree if committed by an adult. R.H. further admitted to a parole violation in Cuyahoga J.C. No. DL 11102284. At a dispositional hearing in August 2015, the juvenile court imposed a six-month commitment at the Ohio Department of Youth Services ("ODYS") in Case No. DL 13117582, but suspended the commitment. R.H. was released to the custody of his uncle and was ordered to comply with the terms of his supervised release.

{¶4} Subsequently, R.H. was adjudicated to be delinquent in Cuyahoga J.C. No. DL 15118059 of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree if committed by an adult. In addition, R.H. was adjudicated to be delinquent in Cuyahoga J.C. No. DL 16100920 of receiving stolen property in violation of R.C. 2913.51(A), a misdemeanor of the first degree if committed by an adult.

{¶5} At a dispositional hearing in March 2016, the juvenile court committed R.H. to ODYS for a period of one year in Case No. DL 15118059 and a period of 90 days in Case No. DL 16100920. The commitment period imposed in Case No. DL 16100920 was extinguished once R.H. was given credit for time served.

{¶6} With respect to Case No. DL 13117582, the juvenile court found that R.H. had violated the terms of his parole and imposed the suspended commitment to ODYS for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed his twenty-first birthday. The court further ordered the terms imposed in Case Nos. DL 15118059 and DL 16100920, to "run consecutively to the term imposed in DL 13117582," for a total commitment period of 18 months.

{¶7} R.H. now appeals from the juvenile court's order of disposition.

## II. Law and Analysis

{¶8} In his first and second assignments of error, R.H. argues the juvenile court committed reversible error by imposing consecutive commitments. R.H. contends that his aggregate 18-month commitment to ODYS was excessive, was not necessary to protect the public, and was disproportionate to the seriousness of his conduct and the

danger he poses to the public. For the purpose of judicial clarity, we address R.H.'s assignments of error together.

{¶9} A juvenile court's order of disposition will not be reversed absent an abuse of discretion. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 6. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} On appeal, R.H. argues the juvenile court plainly abused its discretion by imposing consecutive commitments without making the necessary findings under former R.C. 2929.14(E). R.H.'s reliance on the statutory framework for imposing consecutive sentences in adult criminal cases, now governed by R.C. 2929.14(C)(4), is misplaced. As this court has stated, there is no requirement for a juvenile court to support the decision to impose consecutive sentences with any specific findings as is required for adult offenders. *In re R.L.,* 8th Dist. Cuyahoga Nos. 84543, 84545, and 84546, 2005-Ohio-26, ¶ 11.

{¶11} This is because systemic differences exist between juvenile and adult criminal courts. *In re Kirby*, 101 Ohio St.3d 312, 2004-Ohio-970, 804 N.E.2d 476. The purposes of juvenile court dispositions include providing for the care, protection and development of children, protecting the public from wrongful acts, holding the offender accountable, and rehabilitating errant children. R.C. 2152.01. On the other hand, the

purpose of adult felony sentencing is to protect the public from future crime and to punish the offender. R.C. 2929.11.

{¶12} Generally, consecutive commitments in juvenile proceedings are governed by R.C. 2152.17(F), which states:

> If a child is adjudicated a delinquent child for committing two or more acts that would be felonies if committed by an adult and if the court entering the delinquent child adjudication orders the commitment of the child for two or more of those acts to the legal custody of the department of youth services for institutionalization in a secure facility pursuant to section 2152.13 or 2152.16 of the Revised Code, the court may order that all of the periods of commitment imposed under those sections for those acts be served consecutively in the legal custody of the department of youth services, provided that those periods of commitment shall be in addition to and commence immediately following the expiration of a period of commitment that the court imposes pursuant to division (A), (B), (C), or (D)(1) of this section. A court shall not commit a delinquent child to the legal custody of the department of youth services under this division for a period that exceeds the child's attainment of twenty-one years of age.

{¶13} By the plain language of the statute, R.C. 2152.17(F) only applies when a child has been adjudicated delinquent for the commission of two or more acts that would be felonies if committed by an adult. In this case, the state concedes that R.C. 2152.17(F) is inapplicable, as the statute does not specifically state that a court may order a commitment term for a new felony offense to be served consecutively to a term for a supervised-release violation.

{¶14} However, in *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, the Supreme Court of Ohio was asked to decide whether, as at issue in this case, a juvenile court has the authority to commit a delinquent juvenile to ODYS for a supervised-release violation and order that period of commitment to be served

consecutively to the commitment period imposed for the crime that resulted in the violation of supervised release. The court recognized that R.C. 2152.17(F) authorizes a court to impose consecutive commitment periods when a juvenile commits two or more acts that would be felonies if committed by an adult. The Court observed, however, that even though the crime that resulted in H.V.'s supervised-release violation was a felony, R.C. 2152.17 did not apply because the supervised-release violation did not, itself, represent an additional felony. The Court nevertheless determined that this did not mean the juvenile court lacked authority to impose consecutive terms for the crime and the violation. According to the Court, "[a]uthority to impose consecutive terms can be found in R.C. 2152.19(A)(8), which provides that '[i]f a child is adjudicated a delinquent child, the court may * * * [m]ake any further disposition that the court finds proper. * * * .'" *H.V.* at ¶ 18.

{¶15} The court pointed out that simply because R.C. 2152.17 sets forth circumstances under which a juvenile court may impose consecutive terms of commitment, it does not necessarily follow that juvenile courts lack statutory authority to impose consecutive terms in other situations. *H.V.* at ¶ 19. The court emphasized that H.V. was a repeat offender whose criminal conduct was escalating. Under such circumstances, the court determined it would be contrary to the purposes of juvenile dispositions in Ohio which require, among other things, juvenile courts to protect the public interest and safety as well as hold offenders accountable for their actions by imposing graduated sanctions. *H.V.* at ¶ 20, citing R.C. 2152.01(A). Thus, the court

found that R.C. 2152.19(A)(8) provides a separate statutory mechanism for juvenile courts to impose a potentially more severe sanction when necessary to achieve the purposes set forth under R.C. 2152.01(A).

{¶16} Applying the foregoing to the circumstances of this case, we find it was within the inherent authority of the juvenile court to run R.H.'s parole violation consecutively to the ODYS commitments for his new crimes pursuant to R.C. 2152.19(A)(8). *See H.V.,* 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173 at ¶ 20; *see also In re N.P.*, 11th Dist. Ashtabula No. 2012-A-0024, 2013-Ohio-1288, ¶ 17; *In re K.P.*, 9th Dist. Lorain No. 12CA010183, 2012-Ohio-5814, ¶ 7.

{¶17} Moreover, the record demonstrates that the juvenile court carefully considered the overriding purposes of R.C. 2152.01(A) and imposed a commitment period that was reasonably calculated to achieve those purposes. At the disposition hearing, the juvenile court noted the seriousness of the relevant offenses and expressed concern with R.H.'s history of repeated and escalating delinquent behavior, stating, in pertinent part:

> I don't know what treatment plan to give you. I don't know what to do to get you to knock it off. I understand that you don't have much of an education and you're 16 years old. I understand that you don't have much of a trade and the people you hang out with up and down, left and right, family, non-family, everyone is a criminal.
>
> So I don't know how to break this cycle with you. So the only thing I have right now, my ability is limited because of your behavior.

{¶18} As referenced by the court at the disposition hearing, R.H. has numerous delinquency adjudications involving serious offenses and has a history of truancy and

fleeing from court-ordered programs. Despite the repeated efforts of the juvenile court, R.H. has demonstrated no signs of rehabilitation or accountability. In our view, the juvenile court's disposition committing R.H. to consecutive terms is consistent with the policies of holding offenders accountable for their actions and imposing graduated sanctions for those who have repeatedly offended. As the Supreme Court of Ohio has noted:

> [s]ome juveniles exhibit more serious criminal tendencies and behavior than do other juveniles. It would be unfair to require that a child who has committed numerous delinquent acts to be committed for the same period of time as a child who was determined to be delinquent for only one act. The first child should not be rewarded for a crime spree by an interpretation that limits the discretion of a juvenile court.

*In re Caldwell*, 76 Ohio St.3d 156, 161, 666 N.E.2d 1367 (1996).

{¶19} In light of the conduct that caused the underlying charges to be filed, as well as R.H.'s past and ongoing behavior, we find the court did not abuse its discretion in fashioning an order of disposition that involved the imposition of consecutive terms.

{¶20} Moreover, we find no merit to R.H.'s position that his term of commitment was excessive. As stated, R.H.'s aggregate 18-month commitment derived from his delinquency adjudications for possession of cocaine in violation of R.C. 2925.11, a felony of the fifth degree if committed by an adult; and felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree if committed by an adult.

{¶21} Pursuant to R.C. 2152.16(A):

> (1)   If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit

the child to the legal custody of the department of youth services for secure confinement as follows:

* * *

(d) If the child is adjudicated a delinquent child for committing an act that is not described in division (A)(1)(b) or (c) of this section and that would be a felony of the first or second degree if committed by an adult, for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age.

(e) For committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult or for a violation of division (A) of section 2923.211 of the Revised Code, for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age.

{¶22} Applying the foregoing, we find the court imposed a commitment period for each felony offense that was expressly authorized by statute. Accordingly, the trial court's disposition was not excessive and constituted a reasonable exercise of sound discretion.

{¶23} R.H.'s first and second assignments of error are overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR