[Cite as *State v. White*, 2018-Ohio-3461.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-633 |
| v. | : | (C.P.C. No. 15CR-5549) |
| Ambrose J. White, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 28, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Ambrose J. White, appeals from the August 3, 2017 decision of the Franklin County Court of Common Pleas denying his motion to set aside guilty plea and to dismiss. For the following reasons, we affirm.

{¶ 2} On November 12, 2015, a Franklin County Grand Jury indicted White on two counts of having weapons while under disability, in violation of R.C. 2923.13. Both counts identified the alleged disability as White's 2010 adjudication of delinquency as a juvenile for committing a robbery. White initially entered a not guilty plea. On May 11, 2016, he withdrew his not guilty plea and entered a guilty plea to one count of having weapons while

under disability. The trial court accepted his guilty plea, found him guilty, entered a nolle prosequi on the second count, and delayed sentencing for the preparation of a presentence investigation report. On June 24, 2016, White was sentenced to a period of community control for five years under intensive supervision.

{¶ 3} On August 25, 2016, the Supreme Court of Ohio issued a decision in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504. In that case, the Supreme Court declared R.C. 2901.08(A) unconstitutional as "it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult." *Id.* at ¶ 37. Five days after the *Hand* decision, White filed a motion to set aside guilty plea and to dismiss. He argued that there was a manifest injustice in his conviction for having weapons while under disability because *Hand* established that it is impermissible to use a juvenile adjudication to enhance the degree or the sentence for a subsequent offense committed as an adult. After a hearing on the motion, the trial court denied it.

{¶ 4} White appealed, asserting the following assignment of error:

> The lower court erred when it failed to grant Appellant's motion to set aside his guilty plea to a single count of having a weapon while under disability pursuant [to] Crim.R. 32.1 because his May 17, 2010 juvenile adjudication where he was not entitled to a jury trial should not have disqualified him from acquiring, having, carrying or using a firearm. Allowing his having a weapon while under disability conviction to stand violates the Sixth Amendment of the United States Constitution, the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 1, 5, 10, and 16 of the Ohio Constitution, and the Supreme Court of Ohio decision in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448.

{¶ 5} Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." It is the defendant who has the burden of establishing the existence of a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." *State v. Lampson*, 10th Dist. No. 09AP-1159, 2010-Ohio-3575, ¶ 6, citing *State*

*v. Honaker*, 10th Dist. No. 04AP-146, 2004-Ohio-6256, ¶ 7. A manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process. *State v. Chandler*, 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 6. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price*, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11.

{¶ 6} The decision whether to grant or deny a motion to withdraw guilty plea is left to the discretion of the trial court. *Smith* at paragraph two of the syllabus; *Chandler* at ¶ 8. Therefore, this court's review of the trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16. Absent an abuse of discretion on the part of the trial court, a decision concerning a post-sentence motion to withdraw guilty plea must be affirmed. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). An abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision. *State v. Beavers*, 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8. However, no court has the authority, within its discretion, to commit an error of law. *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 7} White states that in order to convict him of having weapons under disability the state utilized his juvenile adjudication for robbery. Like all juvenile offenders, White notes that he was not entitled to a jury trial when he was adjudicated. Because of this, White contends that using a juvenile adjudication as an element of a criminal offense implicates the same due process concerns identified in *Hand*. He further claims that it would be incongruous to allow a juvenile adjudication to serve as an element of a criminal offense but not to enhance the degree of or penalty for a criminal offense. Essentially, White argues that the use of a juvenile adjudication as a predicate offense for a conviction under R.C. 2923.13(A)(2) violates due process.

{¶ 8} Pursuant to R.C. 2923.13(A):

> Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

(1) The person is a fugitive from justice.

(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

(4) The person is drug dependent, in danger of drug dependence, or a chronic alcoholic.

(5) The person is under adjudication of mental incompetence, has been adjudicated as a mental defective, has been committed to a mental institution, has been found by a court to be a mentally ill person subject to court order, or is an involuntary patient other than one who is a patient only for purposes of observation. As used in this division, "mentally ill person subject to court order" and "patient" have the same meanings as in section 5122.01 of the Revised Code.

{¶ 9} This court has previously declined to apply *Hand* to preclude the use of a juvenile adjudication as a predicate offense for a conviction of having weapons while under disability pursuant to R.C. 2923.13(A)(2). *State v. Williams*, 10th Dist. No. 16AP-540, 2017-Ohio-5598; *State v. Brown*, 10th Dist. No. 16AP-753, 2017-Ohio-7134. We noted that R.C. 2923.13(A)(2) does not use a prior juvenile adjudication as an enhancement of the degree or potential penalty of the offense. *Williams* at ¶ 30; *Brown* at ¶ 21. Instead, the statute identifies a prior juvenile adjudication as one of several disabling conditions that precludes a person from acquiring, having, or carrying a weapon. *Id.*

{¶ 10} The Supreme Court of Ohio recently declined to extend *Hand* to prohibit the use of a juvenile adjudication as an element of the offense of having weapons while under disability pursuant to R.C. 2923.13(A)(2). *State v. Carnes*, __ Ohio St.3d __, 2018-Ohio-3256. That court noted that a juvenile adjudication was not being used as sentence

enhancement. *Id.* at ¶ 10. Instead, the juvenile adjudication is an element of the offense as a disability. The Supreme Court stated that R.C. 2923.13 involves a policy decision by the General Assembly that identifies increased risk to the public if a weapon is possessed by certain individuals. *Id.* at ¶ 16. It made the risk assessment that persons with juvenile adjudications that involve offenses of violence should not possess a weapon. The Supreme Court determined that such an assessment does not undermine the rehabilitative purpose of the juvenile justice system and does not implicate the due process concerns identified in *Hand. Id.* at ¶ 17.

{¶ 11} Based on our prior decisions in *Williams* and *Brown* and the Supreme Court of Ohio's decision in *Carnes*, the trial court did not err in denying White's motion to set aside guilty plea and to dismiss. The sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
HORTON, J., concurs in judgment only.

———————