[Cite as *State v. Stiger*, 2020-Ohio-1242.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-19-1026

    Appellee                                            Trial Court No. CR0201801665

v.

Dominique Stiger                                      **DECISION AND JUDGMENT**

    Appellant                                           Decided:  March 31, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**MAYLE, J.**

### Introduction

**{¶ 1}** The defendant-appellant, Dominique Stiger, entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to a single count of gross sexual imposition, and the Lucas County Court of Common Pleas sentenced him to

serve 42 months in prison. Stiger promptly filed a motion to withdraw his plea, which the trial court denied. On appeal, Stiger argues that the trial court abused its discretion by denying the motion. For the following reasons, we affirm.

## Background

{¶ 2} On April 13, 2018, Stiger was indicted on three counts: rape, in violation of R.C. 2907.02(A)(1)(b) and (B), a felony the first degree (Count 1), gross sexual imposition, in violation of R.C. 2907.05(B) and (C)(2), a felony of the third degree (Count 2), and rape, in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree (Count 3).

{¶ 3} At a change-of-plea hearing on October 23, 2018, Stiger expressed his intention to enter an *Alford* plea to the gross sexual imposition offense. In exchange, the state agreed not to prosecute either rape charge. The state also agreed to remain silent at Stiger's sentencing hearing.

{¶ 4} In support of the plea, the state asserted that, had the matter proceeded to trial, it would have presented evidence that Stiger "did touch [the four-year-old victim] on her vagina [and] touch[ed] her on her buttocks with both his hands and with his penis [and] additionally did penetrate her vagina with his hand" on September 8, 2017. The state alleged that Stiger committed "acts of a very similar nature" against the same victim on February 13, 2018. Both incidents were alleged to have occurred at Stiger's home in Toledo, Ohio. The state also said that it would have presented a videotaped interview of the victim by the Lucas County Children's Services Bureau and testimony from several

2.

witnesses, including the victim's grandmother, the sexual assault nurse examiner, a child abuse expert witness, and a polygraph examiner with the Ohio Bureau of Criminal Investigation and Identification. The polygraph examiner would have testified that Stiger provided "deceptive responses" while undergoing the exam, and the defense stipulated that the testimony was admissible.

{¶ 5} Upon questioning by the court, Stiger confirmed that while he "den[ied] committing the act [of] gross sexual imposition, * * * [he] wish[ed] to plead guilty in order to avoid the risk of a greater penalty for the more serious offense[s]." After the court advised Stiger of his rights as required by Crim.R. 11—which included an advisement that the charge against him carried a maximum prison sentence of five years—the court accepted Stiger's plea, found him guilty, and referred the matter for a presentence investigation.

{¶ 6} At the December 13, 2018 sentencing hearing, Stiger's counsel told the court that when the "ramifications" of a guilty verdict were explained to Stiger for "the hundredth time," Stiger agreed that he "didn't want to take the risk of being imprisoned for life." Stiger, himself, then made a lengthy statement in which he questioned some of the evidence against him and again professed his innocence.

{¶ 7} In response, the court told Stiger that it "want[ed] to make sure [Stiger] had the full opportunity to do whatever [he] want[ed] regardless of the consequences." The court halted the proceedings so that Stiger and his counsel could discuss the matter. When the hearing resumed, Stiger confirmed his desire to continue with the plea. By

3.

judgment entry dated December 14, 2018, the trial court sentenced Stiger to 42 months in prison, found him to be a Tier III Sex Offender under R.C. Chapter 2950, and imposed a mandatory five-year term of postrelease control.

{¶ 8} One week later, on December 21, 2018, Stiger filed a motion to withdraw his plea. The trial court denied the motion by order journalized on January 16, 2019, and it is from this order that Stiger appeals. He raises the following assignment of error for our review:

> The Trial Court erred when it denied the defendant's motion to withdraw plea. [sic]

## Law and Analysis

### A. The trial court properly denied Stiger's motion to withdraw his plea.

{¶ 9} Stiger argues that it was an abuse of discretion to deny his motion because he "expressed his innocence from day one and continues to express it." The state maintains that Stiger is merely unhappy with his sentence, which is not a "manifest injustice" justifying withdrawal of his plea.

{¶ 10} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A "manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. White*, 10th Dist. Franklin No.

4.

17AP-633, 2018-Ohio-3461, ¶ 5. A defendant who seeks to withdraw a post-sentence guilty plea bears the burden of establishing the existence of a manifest injustice. *State v. Straley*, Slip Opinion No. 2019-Ohio-5206, ¶ 14.

{¶ 11} A manifest injustice will be found to exist "only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). That is, the law recognizes that "if a plea of guilty could be retracted with ease after sentence had been imposed, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." (Quotations omitted.) *State v. Blatnik*, 17 Ohio App.3d 201, 203, 478 N.E.2d 1016 (6th Dist.1984), citing *Smith* at 264. Recently, the Supreme Court of Ohio clarified that a defendant seeking to withdraw a plea after sentencing must show that the purported error "caused him to forgo trial and plead guilty instead." *Straley* at ¶ 17 (finding no manifest injustice where trial court incorrectly informed the defendant at sentencing that the parties' recommended aggregate sentence was mandatory when, in fact, only a portion was mandatory).

{¶ 12} We review a trial court's decision denying a motion to withdraw a plea for an abuse of discretion. *Smith* at paragraph two of the syllabus. "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound." (Quotations omitted.) *State v. Johnson*, 6th Dist. Lucas L-18-1214, 2019-Ohio-4613, ¶ 19.

5.

{¶ 13} Here, Stiger claims that his case is "unique" because he did not enter a "traditional guilty plea" but instead entered a plea pursuant to *North Carolina v. Alford.*[1]

{¶ 14} In *North Carolina v. Alford*, the United States Supreme Court held that a guilty plea may be accepted despite a defendant's protestations of innocence. An *Alford* plea may be accepted in Ohio under the following conditions:

> Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.

*State v. West*, 134 Ohio App.3d 45, 49-50, 730 N.E.2d 388 (1st Dist.1999).

{¶ 15} Initially, we note that Stiger does not challenge the trial court's compliance with Crim.R. 11, nor does he challenge any other aspect of the plea hearing. In fact,

---

[1] In his brief, Stiger also refers to nine "factors" in support of his claim that a "manifest injustice has occurred." Those factors, commonly referred to as "*Fish* factors," after *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), apply to pre-sentencing motions to withdraw and, therefore, have no applicability in this case. *See, e.g., State v. Eversole*, 6th Dist. Erie Nos. E-05-073, E-05-076, E-05-074, E-05-075, 2006-Ohio-3988, ¶ 13, citing *Fish*.

6.

Stiger specifically acknowledges that he "received appropriate representation," that the trial court "conducted [his] Crim.R. 11 colloquy * * * appropriately" and that he was advised of the "nature of the charges and potential sentences." Stiger merely argues that the trial court should have allowed him to withdraw his plea because "he always has maintained his innocence." But, "[p]leading guilty * * * without admitting guilt is exactly the point of an *Alford* plea." *State v. Domanick*, 10th Dist. Franklin No. 17AP-628, 2018-Ohio-936, ¶ 17 (Finding that the trial court did not abuse its discretion in refusing the defendant to withdraw his *Alford* plea after sentencing in the absence of any evidence that a manifest injustice occurred). In fact, many defendants enter such a plea merely because they "fear[] the unknown outcomes and consequences of a trial." *Id.* And under *Alford*, a trial court may accept such guilty pleas of "defendants who maintain their innocence." *In re Kirby*, 101 Ohio St.3d 312, 2004-Ohio-970, 804 N.E.2d 476, ¶ 13. Consequently, Stiger's argument that he has consistently maintained his innocence throughout this case—without more—does not somehow establish the existence of a manifest injustice.

{¶ 16} Stiger also complains that the trial court failed to hold a hearing before denying his motion to withdraw his plea. But a trial court is not required to hold a hearing on a post-sentence motion to withdraw a plea if the facts alleged by the defendant, even if accepted as true, do not demonstrate a reasonable likelihood that withdrawal of the plea is necessary to correct a manifest injustice. *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 13. Upon review, Stiger's single page

7.

motion—which was based entirely on his "insist[ence] [of] innocence" and a desire "to take this matter to trial"—does not demonstrate a reasonable likelihood that withdrawal of the plea is necessary to correct a manifest injustice. Therefore, the trial court was not required to hold a hearing before denying Stiger's motion.

## Conclusion

{¶ 17} In conclusion, because Stiger did not meet his burden of showing a manifest injustice, we find that the trial court did not abuse its discretion by denying his post-sentence motion to withdraw his plea. Therefore, we find Stiger's assignment of error is not well-taken. The January 16, 2019 judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Stiger is hereby ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

| This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/. |
|---|